UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

vs.

THOMAS BASS,

Defendant.

**SENTENCING MEMORANDUM**
**15-CR-212**

## INTRODUCTION

This memorandum is being submitted for the Court's consideration of Defendant's, Thomas Bass', request for a sentence that would be sufficient, but not greater than necessary under the circumstances.

## Procedural History

## ARGUMENT

In the United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure provisions. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with all of the factors listed in Section 3553(a)." Id. The Court must give due

consideration to the factors identified in 18 U.S.C. Sec. 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103, and as recently affirmed in United States v. Ministro-Tapia, 470 F.3d 137 (2nd Cir. 2006).

The law of this circuit has not been changed by Rita v. United States, 127 S.Ct. 2456 (2007). Rita recognized that courts could continue to apply a more searching level of appellate review than a "presumption of reasonableness." The sentencing courts, applying the Guidelines in individual cases may depart (either pursuant to the Guidelines, or, since Booker, by imposing a non-Guideline sentence)… "The result is a set of Guidelines that seek to embody the Sec. 3553(a) considerations, both in principle and in practice." Id. At 2458. Appellate "reasonableness" review merely asks whether the trial court abused its discretion." Id. At 2465.

This court has the discretion to impose a non-incarceration sentence in this case. The Supreme Court issued two decisions, Gall v. United States, 552 U.S.__, 128 S.Ct. 586 (2007), and Kimbrough v. United States, 552 U.S. __, 128 S.Ct.558 (2007), which give the sentencing court

power to make an individualized assessment of the appropriate sentence based on the facts presented in each case.

**Title 18 United States Code Section 3553(a)(1) Factors**

**History and Characteristics of Defendant**

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. Sec. 3553(a) (1). Now, after the Supreme Court's decision in Booker, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Bass' history and characteristics are such that minimal sentence should be imposed.

Mr. Bass is 22 years old and has no criminal convictions. His father is James Bass, who is employed as an insurance broker and his mother is Susan Bass, who is employed by the Merchant Insurance Group. Mr. Bass has two siblings. His brother is Jacob Bass, who is 17 years of age. His half brother is Christopher Bass, who is 25 years of age.

Mr. Bass was born in Buffalo, New York on June 10, 1994 and has resided in western New York his entire life. Mr. Bass currently resides with his mother and her boyfriend in Grand Island, New York. Although his parents are divorced, Mr. Bass shares a good relationship with both his

mother and his father.

Mr. Bass is only 22 years old and has never been married. Mr. Bass has been in a relationship with the same girlfriend for the last three years. Her name is Jessica Foote and she is attending college at SUNY Fredonia. Ms. Foote is aware of the charges and remains supportive. Mr. Bass has no children.

**Education and Work History:**

Mr. Bass is a graduate of Grand Island High School and briefly attended Niagara County Community College. Mr. Bass has been employed full-time at Aladdin's Carpet Cleaning since December 2015. Prior to this, Mr. Bass worked sporadically at a pizzeria, a holiday inn and Fantasy Island. Mr. Bass indicates that being arrested has had a positive impact on his life in that it has forced him to stop using drugs. This in turn has allowed him to maintain a steady job for the first time in his life.

**Current Relationships:**

As mentioned above, Mr. Bass has been in steady relationship for three years with Jessica Foote.

**Physical Condition:**

Mr. Bass' health is generally good, but admittedly he has struggled with a severe marijuana addiction. At the time of his arrest, Mr. Bass

was smoking up to 15 marijuana cigarettes per day. This habit was costly and Mr. Bass was selling marijuana to support his habit.

**Mental Health:**

Mr. Bass suffers from no mental health disorders or conditions, but states that he is extremely ashamed by his conduct.

## CONCLUSION

Mr. Bass is 22 years old, and prior to this, had no criminal convictions. He is extremely ashamed of his behavior and has suffered tremendous embarrassment as a result of his conduct. Despite all this, Mr. Bass is thankful that he was arrested because it has saved his life by forcing him to deal with his substance abuse issues. It should also be noted that Mr. Bass was extremely cooperative in this case and accepted full responsibility for his actions from the very beginning.

In sum, this conviction has permanently affected Mr. Bass' life. In addition to facing a prison sentence, Mr. Bass has suffered tremendous humiliation in front of his friends, family and the community he resides in.

Mr. Bass asks Your Honor to include in your consideration Your Honor's own sense of what is a fair and just sentence under all the circumstances, and respectfully requests a sentence that is sufficient, but

not greater than necessary. See United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

In light of the serious consequences suffered, I am confident that Mr. Bass will never re-offend. He continues to have a healthy relationship with his parents and his girlfriend. He is trying his best to get his life back on track and is doing a good job at it. It should be noted that his behavior on pretrial supervision has been blemish free. His drug tests are negative, he reports as directed and his home inspections have occurred without any problems.

For the foregoing reasons, Mr. Bass, respectfully requests the Court to sentence him to a fair and just sentence.

**DATED:** Buffalo, New York, July 1, 2016.

Respectfully Submitted,

/s/ Dominic Saraceno

DOMINIC SARACENO, ESQ.
534 Delaware Avenue
Buffalo, New York 14202
(716)626-7007 (T)
(800)305-5836 (F)
saracenolaw@gmail.com

To: Wei Xiang
Assistant United States Attorney

Tina Blackman
United States Probation Officer Specialist

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

vs.

THOMAS BASS,

Defendant.

---

## CERTIFICATE OF SERVICE

**15-CR-212**

I hereby certify that on July 1, 2016 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following EM/EF Participant on this case:

WEI XIANG, AUSA
138 Delaware Avenue
Buffalo, New York 14202

And. I hereby certify that I have emailed the document to the following non-CM/ECF participant(s).

TINA BLACKMAN
United States Probation Officer
U.S. Probation Department
234 U.S. Courthouse
68 Court Street
Buffalo, New York 14202

s/Dominic Saraceno

DOMINIC SARACENO