UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

THOMAS BASS,

Defendant.

**15-CR-212-RJA**

**NOTICE OF MOTION**

---

| | |
|---|---|
| **MOTION BY:** | Frank Passafiume, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable Richard J. Arcara, United States District Court Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Frank R. Passafiume dated August 14, 2018. |
| **RELIEF REQUESTED:** | Bail pending revocation hearing. |
| **DATED:** | Buffalo, New York, August 14, 2018. |

Respectfully submitted,

**/s/Frank R. Passafiume**
Frank R. Passafiume
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
frank_passafiume@fd.org
*Attorney for Thomas Bass*

**TO:** Wei Xiang
Assistant United States Attorney

Melissa Colley
United States Probation Officer

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

THOMAS BASS,

Defendant.

**15-CR-212-RJA**

**AFFIRMATION**

**FRANK PASSAFIUME**, affirms under penalty of perjury that:

1. I am an Assistant Federal Public Defender for the Western District of New York and I represent the above-named defendant, Thomas Bass.

**BACKGROUND**

2. The defendant was sentenced to a 7-month term of imprisonment followed by a 2-year term of supervised release on February 15, 2018. (Dkt. 30). He was released from Bureau of Prisons ("BOP") facility MCC New York in New York City on July 17, 2018, whereupon his supervision commenced.

3. Upon his return to the Western District of New York, the defendant promptly reported to the U.S. Probation Office in Buffalo as required on July 19, 2018 for initial instruction. During that initial instruction, the defendant was directed to submit to a drug test. The defendant complied and was tested.

4. On August 4, 2018, it was confirmed that cocaine was present in the defendant's urine during the July 19 drug test. Specifically, a report from Alere Toxicology -- the company contracted with Probation to test specimens collected by Probation -- shows that the defendant tested positive for "benzoylecgonine-cocaine metabolite" with levels over 100 ng/ml.

5. On August 6, 2018, a Petition for Offender Under Supervision ("Petition") was filed alleging that the defendant violated the terms of his supervision by testing positive for cocaine during the July 19 initial report to Probation.

6. On August 13, 2018, the defendant appeared before the Court on the initial appearance on the Petition. He was remanded pending a status conference scheduled for August 28, 2018.

7. The instant motion respectfully requests his release on conditions pending a revocation or other resolution to the Petition.

**ARGUMENT**

8. A person may be released or detained pending revocation proceedings. Fed. R. Crim. P. 32.1(a)(6). If detention is sought, the defense bears the burden of showing by clear and convincing evidence that the person will not flee or pose a danger to the community. *Id.*; 18 U.S.C. § 3143; *United States v. Loya*, 23 F.3d 1529. 1531 (9th Cir. 1994).

9. The defendant admits that he used cocaine while at MCC New York prior to his release and prior to the commencement of supervision. He denies any use of controlled substances since his release. Indeed, after the first initial positive test on July 19, the defendant

has been drug tested at least four times -- once by Probation and three times by prospective employers -- and each time he has tested negative for any illicit substances, including cocaine.

10. Studies consistently show that the cocaine metabolite, benzoylecgonine, can remain in a person's urine for days after last use. *See* A sensitive assay for urinary cocaine metabolite benzoylecgonine shows more positive results and longer half-lives than those using traditional cut-offs, U.S. National Library of Medicine, National Institutes of Health (March 3, 2017); https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5573903/#dta2153-bib-0002 (last accessed August 14, 2018); Cocaine and Metabolites Urinary Excretion after Controlled Smoked Administration, U.S. National Library of Medicine, National Institutes of Health (October 31, 2007), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3128807/ (last accessed August 14, 2018); Elimination of cocaine and metabolites in plasma, saliva, and urine following repeated oral administration, U.S. National Library of Medicine, National Institutes of Health (October 24, 2000), *https://www.ncbi.nlm.nih.gov/pubmed/11043648* (last accessed August 14, 2018).

11. Based on the aforementioned studies, a positive drug test less than 48 hours after his release from BOP custody, followed by four negative drug tests in the subsequent fourteen days, confirm the defendant's admission that he used while in custody before being on supervision. It also confirms that the defendant is in need of substance abuse treatment, which has never been offered to him -- treatment was not offered to him while on pretrial release and it was not offered to him since his release on July 17.

12. Upon his release from BOP custody, the defendant diligently applied for employment at various companies. Unfortunately, he was denied employment at Amazon and UPS due to his felony conviction. However, Dival Safety Equipment did hire the defendant and

he was scheduled to begin work this week. Notably, for Amazon, UPS, and Dival, the defendant was required to pass a drug test in order to be considered for employment, which he did for each.

13. Should the defendant be released pending resolution of the Petition, he plans to continue residing with his mother in Grand Island, New York. His mother is aware of the Petition, supports her son, and was present during the initial appearance. She has also been in communication with Probation.

14. Based on the foregoing, the defendant respectfully requests his release with the additional condition that he enroll in an outpatient substance abuse program.

15. I have discussed this request with both Assistant United States Attorney Wei Xiang and United States Probation Officer Melissa Colley. Mr. Xiang deferred to the recommendation of Probation. Ms. Colley advised me today that her office does not oppose the defendant's release.

**WHEREFORE**, it is respectfully requested that the defendant be released on additional conditions pending resolution of the Petition.

**DATED**: Buffalo, New York, August 14, 2018.

Respectfully submitted,

**/s/ Frank R. Passafiume**
Frank R. Passafiume
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
frank_passafiume@fd.org
*Attorney for Thomas Bass*